UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CLYDE TINSLEY**                                                                    **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 4:16CV-P26-JHM**

**CRAIG BOLDS** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Clyde Tinsley, a pretrial detainee incarcerated in the Henderson County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

### I. STATEMENT OF CLAIMS

Plaintiff brings suit against the following Defendants: Craig Bolds, a Morganfield, Kentucky police officer; the City of Morganfield; and Union County.

In the complaint, Plaintiff describes several separate incidents. First, he reports that on June 1, 2010, he was "stopped and illegally arrested by Police Officer Craig Bolds and falsely imprisoned for 21 days." He claims, "After telling the Jailers for 10 straight days that I needed my Lopressor blood pressure medicine I lost my eyesight and experienced terrible headaches to this day after 21 days I was released."

Second, Plaintiff reports that on July 25, 2010, he "became violently ill and was rushed to Union County Hospital whereas the medical staff said I almost waited to late. I was released after 7 days."

Third, Plaintiff claims that on September 4, 2010, "there was a reocurrence of the same symptoms and Union County Hospital rushed me to Deaconess Hospital in Evansville, Ind. and I

was immediately put on life support for 14 days my kidneys shut down and my wife said no and told the medical staff my symptoms and thank God I am alive today."

Fourth, Plaintiff reports that on February 19, 2011, he "again became violently sick & was rushed to Deaconess and I was in a coma for another 14 days thanks be to God and the Deaconess medical staff that has never happened again."

Finally, Plaintiff alleges that on September 1, 2011, Defendant Bolds "again illegally arrested me I again went to Union County Hospital for the blood & urine and I was released the next morning." Plaintiff contends,

> I had enough of Mr. Bolds harassing me and I called the Human Rights Commission in Louisville KY. & Mrs. Jackson the supervisor said Mr. Tinsley do you have a pen & I said Yes. She said call this number – The U.S. Dept of Justice in Washington, D.C. and I am sure they will take your case. The U.S. Dept said put it in writing and they took my case in 120 days 2-9-2012.

As relief, Plaintiff seeks compensatory and punitive damages in the amount of $10 million each.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. Complaint

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). In other words, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 183. As to Plaintiff's illegal arrest claims against Defendant Bolds, "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 397).

Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The last incident about which Plaintiff complains in the complaint occurred in September 2011, and Plaintiff makes no allegation that he did not know of his purported injuries at the time they occurred. Thus, the statute of limitations began to run, at the latest, in September 2011, and ended one-year later in September 2012. Because Plaintiff did not file his complaint until well

over three years later on February 25, 2016,[1] his action is untimely and will be dismissed as frivolous.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### B. Letters

After filing the complaint, Plaintiff filed numerous letters (DNs 5, 6, 8, 12 & 14-20).  Most, if not all, of the allegations in those letters pertain to allegations raised in or flowing from another of Plaintiff's cases pending in this Court.  *See* Civil Action No. 4:16CV-P27-JHM, *Tinsley v. Henderson County Circuit Court*.  Because Plaintiff did not include a case number on most of his letters, the Clerk of Court docketed them in both of Plaintiff's pending cases.  Plaintiff does not raise any new claims against Defendant Bolds, the City of Morganfield, or Union County in his letters.  Moreover, the Court in Plaintiff's other action is allowing Plaintiff to amend his complaint to include any claims raised in his letters pertaining to that action.  For these reasons, the Court will not take any action on those letters.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: August 31, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
4414.005

---

[1] In the complaint, Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on February 25, 2016.  Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing.  *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).